931 F.2d 58
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. WAGNER, Plaintiff-Appellant,
v.
Jerry T. WILLIFORD, Warden, J. Class, Unit Manager, Haallam,
Correctional Officer and Resinger, Correctional
Officer in their individual and official
capacities, Defendants-Appellees,
 No. 89-1696.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1991.*
Decided April 18, 1991.
 
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James E. Wagner is an inmate at the United States Penitentiary at Marion, Illinois (Marion). Wagner filed a complaint in which he alleged that the defendants, Jerry T. Williford, the Warden, J. Class, the control unit manager, and correctional officers Haallam and Resinger, intentionally performed otherwise legitimate security measures and duties in such a way as to make as much noise as possible for the purpose of harassing him and other inmates on the control unit. Wagner contends that the excessive noise and harassment have made the living conditions at Marion unnecessarily stressful which has caused him to suffer physically and mentally. Wagner also alleged that the defendants have intensified their harassment in retaliation for his having filed administrative complaints and ultimately this lawsuit. After Wagner was transferred from the control unit to D-unit, he filed a motion for a temporary restraining order/preliminary injunction (TRO/PI) seeking to enjoin the defendants and an Officer Schlitt, who is not a party to this lawsuit, from causing excessive noise. The district court denied the motion, and Wagner filed this interlocutory appeal.
 
 I.
 
 2
 In the complaint, Wagner contends that the defendants are using their legitimate activities as a means to create excessive noise so as to harass him and retaliate against him for filing a lawsuit to complain about the noise. He alleged that the defendants kick or beat on the unit door or yell to be admitted to the unit; slam food carts and trays; operate the elevators by dropping, instead of placing, the metal safety flaps into position; repeatedly drop waste cans and move furniture when they clean the unit at 3:00 a.m.; and beat on cell bars excessively hard and on the recreation cage (often when inmates are in it) to check for tampering. Wagner also alleged that when the defendants do their body counts periodically throughout the night, they slam grill doors, blast their radios, beat on cell bars and flash lights into the inmates' faces purposely to awaken them. In response, the defendants point out that these are all legitimate activities and acknowledge that they make some noise, but otherwise ignore the allegations that the correctional officers intentionally abuse these activities so as to harass the inmates. Wagner does not dispute that the various tasks and security checks are legitimate activities. Wagner simply contends that the defendants should be preliminarily enjoined from continuing to use these activities as a means to make excessive noise so as to harass and retaliate against him for filing the lawsuit.
 
 
 3
 The district court denied Wagner's motion for a temporary restraining order or a preliminary injunction on the grounds that the threatened injury to Wagner did not outweigh the harm that an injunction may inflict on the defendants. The court specifically referred to the need for bar taps. The district court also adopted the report and recommendation of the magistrate judge which stated, without discussion, that Wagner had not shown either a great probability that he would prevail or that he would be irreparably harmed if defendants' activities were not enjoined.
 
 II.
 
 4
 We review the district court's denial of the motion for a TRO/PI for an abuse of discretion. See Cox v. City of Chicago, 868 F.2d 217, 219 (7th Cir.1989). For a TRO/PI to issue, a plaintiff has the burden of persuasion on the following requirements: (1) irreparable harm; (2) no adequate remedy at law; (3) the threatened harm to the plaintiff outweighs the harm the injunction may cause to the defendants; (4) a reasonable likelihood of success on the merits; and (5) the granting of the injunction will not disserve the public interest. See Roland Mach. Co. v. Dresser Indus., 749 F.2d 380, 383 (7th Cir.1984). The district court focused on (3) and adopted the magistrate judge's report and recommendation which mentioned (1) and (4). We will address the requirements in order.
 
 
 5
 Wagner must first show that he will suffer irreparable harm. The magistrate judge, without discussion, concluded that Wagner could not do so. Wagner alleged that he has suffered physical injury--hearing impairment and headaches--and psychological injury--acute anxiety, inability to concentrate, depression, feelings of worthlessness and sleeplessness. In the course of discovery, Wagner was examined by a physician and a psychologist. The physical examination revealed no problems with Wagner's ears although it is not clear that this was an audiological examination. No hearing problems were noted. There is no other indication that Wagner has sought treatment for hearing loss. It thus appears that Wagner has been able to protect his hearing through the use of ear plugs which the defendants have provided him and that he will continue to be able to do so.
 
 
 6
 Wagner was also examined by a psychologist. The psychological examination resulted in a diagnosis of paranoid personality disorder. The psychologist expressed no opinion on the etiology of this disorder although a similar, earlier diagnosis predates the actions Wagner alleged in his complaint. It is not apparent that his psychological problems were caused or will be exacerbated by the defendants' activities. Thus, we cannot conclude that the district court abused its discretion in adopting the magistrate judge's determination that Wagner could not show that he will suffer irreparable harm in the interim before his case reaches a final disposition.
 
 
 7
 Wagner must also satisfy the related requirement that he have no adequate remedy at law. To show that he has no adequate remedy at law, Wagner must show that an award of damages at the end of trial will be inadequate--inadequate in the sense that damages are seriously deficient as a remedy for the harm suffered. See Roland Mach., 749 F.2d at 386. Although calculating damages for physical and psychological injury is very difficult, as is putting a dollar figure on the retaliation Wagner allegedly suffered for filing this lawsuit, damages are regularly awarded in personal injury tort cases as a remedy for physical and mental injury. Similarly, we believe that damages would provide an adequate remedy in this case.
 
 
 8
 This is not an appropriate case for a preliminary injunction. On the other hand, actions of correctional officers taken in bad faith for no legitimate purpose may violate an inmate's constitutional rights. Some of the incidents alleged--if true--could subject the correctional officers involved to liability. We are confident that the district court will give Wagner's harassment and retaliation claims appropriate consideration.
 
 III.
 
 9
 The judgment of the district court denying Wagner's motion for the temporary restraining order and preliminary injunction is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record